## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.    CLOIS KNIGHT, | ) | |
| | ) | |
|         **Plaintiff,** | ) | |
| v. | ) | CIV-24-824-G |
| | ) | |
| 1.    THE CITY OF OKLAHOMA CITY, | ) | |
| 2.    JESSE HILLEY, | ) | |
| 3.    MICHELLE LISENBY, and | ) | |
| 4.    LYNN HUFFMAN, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
|         **Defendants.** | ) | **ATTORNEYS LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Clois Knight, and for his Complaint against the Defendants, alleges and states as follows:

## PARTIES

1. Plaintiff, Clois Knight, is an adult male resident of Oklahoma County, Oklahoma.

2. Defendants are:

   a. The City of Oklahoma City, a governmental entity doing business in and around Oklahoma County, Oklahoma (hereinafter referred to as "Defendant City");

   b. Jesse Hilley, who at all relevant times hereto was the then-Unit Operations Supervisor for Defendant City;

   c. Michelle Lisenby, who at all relevant times hereto was the

Superintendent of Utilities for Defendant City; and

        d.      Lynn Huffman, who at all relevant times hereto was the Scheduler for Defendant City.

## JURISDICTION AND VENUE

3.      This is a cause of action arising out of Plaintiff's employment with Defendant City and is based on the following claims: (a) age discrimination, harassment, and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"); (b) race discrimination and retaliation in violation of 42 U.S.C. §1981; and (c) the denial of Plaintiff's rights to freedom of speech under the First Amendment in violation of 42 U.S.C.§ 1983.

4.      Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. §1331.

5.      To the extent required, Plaintiff has exhausted his administrative remedies as to the above-listed claims. He timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 10, 2023. Plaintiff filed an Amended Charge of Discrimination on or about April 25, 2024, asserting race and age claims. A right to sue letter has not yet been issued in connection with Plaintiff's original or Amended Charges. However, more than sixty days have passed since Plaintiff filed his Charge. Hence, Plaintiff is authorized to bring his claims under the ADEA.

6.      Plaintiff also timely submitted a Notice of Governmental Tort Claim on or about November 27, 2023. Plaintiff's tort claim was deemed denied on or about February

25, 2024. Plaintiff submitted a Second Tort Claim on or about May 1, 2024, which was deemed denied on or about August 1, 2024. Plaintiff has timely filed his Complaint within one hundred eighty (180) days from the date said tort claims were deemed denied.

7. All acts complained of herein occurred in or around Oklahoma County, Oklahoma. Oklahoma County is located within the Western District of the United States District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. §1391(b).

## STATEMENT OF FACTS

8. Plaintiff, (DOB: 3/1963, Black male), has been employed with Defendant City for over 38 years.

9. Plaintiff was hired 38 years ago and moved to the Utilities Department 33 years ago. He currently works as a Chief Meter Reader and has held this position since 2003.

10. Throughout his lengthy tenure, Plaintiff has been a great employee, receiving positive performance reviews.

11. In or around December 2022, when Plaintiff was asking about a raise, he was told by Superintendent of Utilities Michelle Lisenby (who is White and significantly younger than Plaintiff) that there would be Field Operations Supervisor ("FOS") positions available soon.

12. On or about December 30, 2022, Plaintiff applied for a FOS position.

13. Plaintiff's current position as Chief Meter Reader has similar job duties to that of the FOS. Plaintiff had also filled in for the FOS position on occasions, when needed.

14. Plaintiff and Greg Hubbell (a significantly younger White male) were selected

for interviews for the FOS position.

15. On or about January 9, 2023, Plaintiff was interviewed by Management Specialist Tiffany Booth Tinsely and Jesse Hilley, Unit Operations Supervisor (both of whom are significantly younger and White).

16. In Plaintiff's interview, Hilley seemed disinterested in Plaintiff, looking around the room, not paying attention, and not taking notes.

17. On or about January 15, 2023, an administrative employee told Plaintiff that Hilley had offered the FOS position to Hubbell.

18. Hubbell had no management experience and did not have the years of experience that Plaintiff had.

19. In or around October 2023, another FOS position became available, and Plaintiff applied.

20. However, Plaintiff did not receive an interview.

21. Instead, Lisenby and Hilley interviewed Arthur (last name unknown), Lance (last name unknown), and Tracy Reid (all of whom are White and significantly younger than Plaintiff).

22. Two of the three people interviewed did not have management experience.

23. On or about November 10, 2023, Plaintiff filed an EEOC Charge, stating race and age claims based on the failures to promote him and based on race and age-based comments to which Plaintiff was subjected.

24. In or around December 2023, Plaintiff spoke with Chief Inclusion and

Diversity Officer Shaylynne Jackson (who is significantly younger than Plaintiff) about not receiving the promotion to FOS, complaining of racial bias.

25. Jackson connected Plaintiff with HR Dorothy Symington. However, when Plaintiff attempted to speak to Symington, she asked if the issue had to do with "the case you filed," meaning his EEOC Charge. When Plaintiff replied yes, Symington stated she could not speak with him about it.

26. In or around January 2024, Hilley was replaced by Phillip Arnold (who is White and significantly younger than Plaintiff).

27. In or around January 2024, Scheduler Lynn Huffman (who is White and significantly younger than Plaintiff) told Plaintiff to move his office location. He had previously shared an enclosed office space, but was moved to an open storage space.

28. Plaintiff was the only one made to move to the open space.

29. On or about March 1, 2024, Tracy Reid (who is a White and significantly younger than Plaintiff) started as the FOS position over the Meter Readers (that had been posted in or around October 2023). However, the selection decision was announced in or around January 2024. And, upon information and belief, Hilley and Lisenby made the decision to hire Reid.

30. Around March 2024, Defendants opened a FOS position over the Service Representatives and Inspectors. Plaintiff applied for the FOS position.

31. Plaintiff was interviewed by Arnold, Huffman, and FOS Michael Grundy (who is significantly younger than Plaintiff).

32. On or about March 15, 2024, Arnold sent Plaintiff an email, stating that he was not selected for the position.

33. Jonathan Jeitz (who is a White and significantly younger than Plaintiff) was selected for the FOS position.

34. Upon information and belief, Huffman, and Lisenby made the decision to hire Jeitz.

35. Since Hubbell's promotion to FOS in or around January 2023, complaints have allegedly been made of Hubbell engaging in sexual harassment, workplace harassment, and making negative comments regarding employees' appearances. Yet, no remedial measures have been taken, and Hubbell remains employed as an FOS.

36. Throughout Plaintiff's employment, Hilley has called him an "old school thinker." Plaintiff was also told that Hilley stated his desire that the older employees retire.

37. Hilley has also made racial comments, such as, "those people," when referring to Black individuals.

38. Moreover, in or around Summer 2022, Plaintiff was in a monthly meeting with Hilley and others, discussing new policies. Plaintiff and Bruce Duncan (who is Black and in his 60s) gave their input. Hilley retorted, "well you guys aren't going to be here, are you?"

39. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries described hereafter.

**COUNT I: ADEA**

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

40. This Count goes against Defendant City.

41. The matters alleged above constitute violations of the ADEA in the form of age discrimination, harassment, and retaliation.

42. Plaintiff is entitled to relief under federal law for age discrimination because at all relevant times hereto, Plaintiff was over the age of forty (40), and Plaintiff has presented direct evidence of age discrimination.

43. Plaintiff is entitled to relief under the ADEA because at all relevant times hereto, Plaintiff was over the age of forty (40); he applied for available positions for which he was qualified; and he was rejected under circumstances which give rise to an inference of unlawful age discrimination.

44. Plaintiff is also entitled to relief under the ADEA for the creation of an age-based hostile work environment, as looking at the totality of the circumstances, Plaintiff was subject to harassment which was pervasive or severe enough to alter the terms conditions or privileges of his employment and the harassment and hostility stemmed from age-based animus.

45. Plaintiff is further entitled to relief under the ADEA for retaliation because Plaintiff engaged in protected opposition to age discrimination and harassment and participated in proceedings concerning age-based harassment and discrimination; he suffered adverse actions subsequent to the protected activity and a causal link exists between the

protected activity and the adverse actions.

46.     As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.  Plaintiff is entitled to liquidated damages based on Defendant's willful misconduct.

## COUNT II: 42 U.S.C. §1981

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

47.     This Count is asserted against all Defendants.

48.     The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination and retaliation.

49.     Plaintiff is entitled to relief for race discrimination because he is Black, he applied for available position for which he was qualified; and he was rejected under circumstances which give rise to an inference of unlawful race discrimination.

50.     Plaintiff is further entitled to relief under § 1981 for retaliation because he engaged in protected opposition to race discrimination; he suffered an adverse action subsequent to the protected activity; and a causal link exists between the protected activity and the adverse action.

51.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

52.     Because the actions of the individual Defendants were willful, wanton or, at

the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

### COUNT III: First Amendment Violation

For his seventh cause of action, Plaintiff incorporates all prior allegations and further allege and state as follows:

53. This count goes against all Defendants.

54. The individual Defendants were acting under the color of their authority in a manner which deprived Plaintiff of his constitutional right to the freedom of speech.

55. The matters alleged above were in violation of Plaintiff's First Amendment right to the freedom of speech which was clearly established at the time of the actions in question. Plaintiff's comments and filing at the EEOC constituted comments on a matter of public concern. The actions of the Defendants were in deliberate indifference to the constitutional rights of the Plaintiff. Therefore, Defendants are liable for the actions taken in violation of such rights in accordance with 42 U.S.C. §1983.

56. The matters alleged above represent violations of Plaintiff's rights under the First Amendment, *inter alia*, which have caused a physical, mental and emotional injury to Plaintiff in an amount to be determined by the jury.

57. To the extent that the actions of any individual defendant are deemed willful or deliberately indifferent, then punitive damages are available and should be assessed against each such person.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendants and assess lost wages, including back pay and front pay, actual, compensatory, emotional distress damages, liquidated damages and punitive damages, together with pre- and post-judgment interest, costs, attorney's fees, all other damages available under federal and Oklahoma state law, and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 12th DAY OF AUGUST, 2024.**

> s/ *Jana B. Leonard*
> **JANA B. LEONARD, OBA# 17844**
> **SHANNON C. HAUPT, OBA #18922**
> **LEONARD & ASSOCIATES, P.L.L.C.**
> **8265 S. WALKER**
> **OKLAHOMA CITY, OK 73139**
> **(405) 239-3800        (telephone)**
> **(405) 239-3801         (facsimile)**
> **leonardjb@leonardlaw.net**
> **haupts@leonardlaw.net**
>
> **JURY TRIAL DEMANDED**
> **ATTORNEY LIEN CLAIMED**