## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CLOIS KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-824-G |
| | ) | |
| THE CITY OF OKLAHOMA CITY | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In this action, Plaintiff Clois Knight brings claims against four defendants for violations of the Age Discrimination in Employment Act, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and the First Amendment. *See* Am. Compl. (Doc. No. 5).

Now before the Court is a Motion to Dismiss (Doc. No. 13) filed by Defendants Jesse Hilley, Michelle Lisenby, and Lynn Huffman (hereafter "Defendants"), seeking dismissal pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] Plaintiff has filed a Response (Doc. No. 15) and Defendants have replied (Doc. No. 17).

I.    *Summary of the Pleadings*

Plaintiff alleges as follows:

Plaintiff is a Black male who has been employed by The City of Oklahoma City ("the City") for more than 38 years and currently works as a Chief Meter Reader in the City's Utilities Department. *See* Am. Compl. ¶¶ 8-9. He applied three times for the

---

[1] Defendant The City of Oklahoma City has filed an Answer (Doc. No. 11).

position of Field Operations Supervisor ("FOS") but was not selected due to age and race discrimination. *See id.* ¶¶ 12, 19(b), 30, 49.[2]  For efficiency, the Court refers to these three events as the "First FOS Application," the "Second FOS Application," and the "Third FOS Application."

Plaintiff first applied and was interviewed for an FOS position in January 2023. *Id.* ¶ 12. Defendant Hilley, the City's Unit Operations Supervisor, participated in Plaintiff's interview. *Id.* ¶ 15. Throughout Plaintiff's employment Defendant Hilley made disparaging comments regarding Plaintiff's age and race. *Id.* ¶¶ 36-38.

Plaintiff next applied for an FOS position in the fall of 2023. He was not interviewed and not selected for the position. *Id.* ¶¶ 19(b)-20. Defendants Hilley and Lisenby conducted the interviews for this opening. *Id.* ¶ 21.

On November 10, 2023, Plaintiff filed the relevant charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that the City had discriminated and retaliated against Plaintiff based on his age and race. *Id.* ¶ 23. After filing his EEOC complaint, Plaintiff met in December 2023 with the City's Chief Inclusion and Diversity Officer, Shalynne Jackson, about not being selected for an FOS position, complaining of racial bias. *Id.* ¶ 24. Ms. Jackson referred Plaintiff to Human Resources officer Dorothy Symington, who told Plaintiff she could not discuss the issue because it had to do with his pending EEOC charge. *Id.* ¶ 25.

---

[2] Two paragraphs in the Amended Complaint are numbered "19." For clarity, the Court refers to them as "19(a)" and "19(b)."

In January 2024, Defendant Huffman, who was a scheduler for the City, informed Plaintiff that he would be relocated from his shared, enclosed office into an open workspace. *See id.* ¶ 27. Plaintiff was the only employee who had to move to an open office space. *Id.* ¶ 28.

In March 2024, Plaintiff applied and interviewed for an FOS position. He was interviewed but not selected for the position. *Id.* ¶¶ 30-31. One of his interviewers was Defendant Huffman. *Id.* ¶ 31. Plaintiff alleges that Defendant Lisenby, the City's Superintendent of Utilities, was involved in the hiring decision. *See id.* ¶ 34.

Plaintiff was issued a right to sue letter from the EEOC and subsequently commenced this suit. *See id.* ¶ 5. Plaintiff's Amended Complaint raises two causes of action against Defendants Hilley, Lisenby, and Huffman: (1) race discrimination and retaliation, in violation of 42 U.S.C. § 1981, and (2) pursuant to 42 U.S.C. § 1983, retaliation for opposing racial discrimination, in violation of Plaintiff's First Amendment right to free speech. *See* Am. Compl. ¶¶ 47-57; Pl.'s Resp. at 13.

## II.    Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. "The purpose of a modern complaint is to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are true, that the claimant has a legal right to relief." *Whitehead v. Shafer*, 295 F. App'x 906, 908 (10th Cir. 2008) (internal quotation marks omitted).

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in the pleading, the court discusses the essential elements of each alleged cause of action to better "determine whether [the plaintiff] has set forth a plausible claim." *Id*. at 1192.

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

III.    *Discussion*

A. *Plaintiff's Assertion of Violation of 42 U.S.C. § 1981*

Section 1981 prescribes that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and

proceedings for the security of persons and property as is enjoyed by white citizens."  42 U.S.C. § 1981(a).  The statute thus "prohibits racial discrimination in the workplace." *Howard v. Okla. Dep't of Corr.*, 247 F. Supp. 3d 1210, 1224 (W.D. Okla. 2017).

Plaintiff alleges that Defendants are liable for race discrimination under 42 U.S.C. § 1981 because Plaintiff is Black, applied for three FOS positions for which he was qualified, and each time was rejected by Defendants.  *See* Am. Compl. ¶¶ 11, 27.  Plaintiff also brings a claim for unlawful retaliation under the statute, asserting that he engaged in protected speech when he spoke to the City's chief diversity and inclusion officer and filed his EEOC complaint, then was retaliated against by Defendants when they failed to hire him for FOS positions and requested that he move office locations.  *See id.* ¶¶ 17, 20, 27, 32.

Pursuant to Tenth Circuit authority, "damages claims against state actors for § 1981 violations must be brought under [42 U.S.C.] § 1983."  *Bolden v. City of Topeka*, 441 F.3d 1129, 1137 (10th Cir. 2006) (citing *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701 (1989)); *accord Brown v. Keystone Learning Servs.*, 804 F. App'x 873, 883 (10th Cir. 2020) ("[Section] 1983 is the 'exclusive federal remedy for § 1981 actions against state actors.").[3] The Amended Complaint seeks damages under § 1981 against Defendants, who are identified as City employees "acting under color of their authority."  Am. Compl. ¶¶ 51-52, 54.  The pleading does not refer to 42 U.S.C. § 1983 in connection with the § 1981

---

[3] "[T]he thrust of *Jett* was not to impose a technical pleading requirement but to clarify that a § 1981 claim against a local government cannot be predicated on respondeat superior, a limitation imposed on § 1983 claims." *Bolden*, 441 F.3d at 1134.

claim, however.    Nor do the parties address whether the § 1983 remedy requirement extends to § 1981 claims brought against "state actor defendants sued in their individual capacities." *Dixon v. Bd. of Cnty. Comm'rs of Cnty. of Okla.*, No. CIV-15-196-R, 2015 WL 5839206, at *2 (W.D. Okla. Oct. 7, 2015); *see also* Pl.'s Resp. at 12-13 (Plaintiff representing that he seeks to bring his § 1983 First Amendment claims against Defendants in their individual capacities).

The Court need not consider Plaintiff's omission of § 1983 further at this juncture, however, because Defendants do not seek dismissal on that basis and, in race discrimination and race retaliation suits, "the elements of a plaintiff's case are the same whether that case is brought under §§ 1981 or 1983." *Carney v. City & Cnty. of Denv.*, 534 F.3d 1269, 1273 (10th Cir. 2008) (internal quotation marks omitted); *see Dixon*, 2015 WL 5839206, at *2; *Roberts v. Roadway Express, Inc.*, 149 F.3d 1098, 1103 n.1 (10th Cir. 1998).

### 1. Race Discrimination Claim

To prevail upon his § 1981 discrimination claim, Plaintiff must establish: "(1) membership in a protected class; (2) the defendant intended to discriminate on the basis of race; and (3) the alleged discrimination interfered with a protected activity as defined in the statute." *Cruz v. Farmers Ins. Exch.*, 42 F.4th 1205, 1210 (10th Cir. 2022); *see also Khalik*, 671 F.3d at 1192. Defendants challenge Plaintiff's pleading of the second element, arguing that Plaintiff fails to plausibly allege that, in not selecting Plaintiff for the FOS position, Defendants "intentionally or purposefully discriminated against" Plaintiff. *Reynolds v. Sch. Dist. No. 1, Denv.*, 69 F.3d 1523, 1532 (10th Cir. 1995); *see* Defs.' Mot. to Dismiss at 8; *see also Chambers v. Simon Prop. Grp., L.P.*, No. 12-1179, 2013 WL

1947422, at *3 (D. Kan. May 10, 2013) ("The second element of a § 1981 claim requires plaintiffs to allege the existence of facts that give rise to a reasonable inference that the defendant's action was racially motivated."). The Court examines Plaintiff's allegations against each individual Defendant in turn.

### Defendant Hilley

Plaintiff alleges that Defendant Hilley made derogatory comments regarding Plaintiff's race. *See* Am. Compl. ¶ 37. Plaintiff further alleges that Defendant Hilley interviewed him on the occasion of the First FOS Application and appeared unengaged. *See id.* ¶ 16. Plaintiff alleges that Defendant Hilley was involved in the hiring decisions at the time of the First FOS Application and the Second FOS Application. *See id.* ¶¶ 15, 17, 21. Plaintiff alleges that the person hired at the time of the First FOS Application was significantly less qualified than Plaintiff. *See id.* ¶ 18. Through these allegations, Plaintiff has adequately pleaded facts that, taken as true, give rise to a reasonable inference that Defendant Hilley's actions were motivated by an intent to discriminate.

### Defendant Lisenby

As to Defendant Lisenby, Plaintiff states only that Lisenby was "white and significantly younger than Plaintiff" and possibly involved in two of the FOS hiring decisions. *Id.* ¶¶ 11, 21, 34. With respect to these two hiring decisions, Plaintiff alleges that the people hired were both white and younger than Plaintiff but does not allege that they were less qualified. *Id.* ¶¶ 29, 33. These facts do not plausibly show that Defendant Lisenby's actions were motivated by an intent to discriminate. *See Ross v. Pentair Flow Techs., Inc.*, No. 19-2690, 2020 WL 1028304, at *6 (D. Kan. Mar. 3, 2020).

Defendant Huffman

Plaintiff alleges that Defendant Huffman was "white and significantly younger than Plaintiff," involved in one of the FOS hiring decisions, and while employed as a scheduler informed Plaintiff that he had to move office locations. *Id.* ¶¶ 27, 31, 34. With respect to the hiring decision for which Defendant Lisenby was involved, Plaintiff alleges that the person hired was white and younger than Plaintiff but does not allege that he was less qualified. *See id.* ¶ 33. These facts do not support a reasonable inference that Defendant Huffman's actions were motivated by an intent to discriminate. *See Ross*, 2020 WL 1028304, at *6.

### 2. Retaliation Claim

Section 1981(a) "prohibits not only racial discrimination but also retaliation against those who oppose it." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 355 (2013). To state a claim upon which relief can be granted, Plaintiff

> must "plausibly allege (1) that [he] engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action."

*Alatorre v. Ole Mexican Foods, Inc.*, No. CIV-21-1057-JD, 2023 WL 7308117, at *3 (W.D. Okla. Nov. 6, 2023) (quoting *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021)); *see also Parker Excavating, Inc. v. LaFarge W., Inc.*, 863 F.3d 1213, 1220 (10th Cir. 2017).

Defendants challenge Plaintiffs' ability to "establish that retaliation played a part in the employment decision." *Parker Excavating*, 863 F.3d at 1220 (internal quotation marks

8

omitted); *see* Defs.' Mot. to Dismiss at 10; *see also Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011).  A plaintiff must ultimately show "a causal connection between [his] protected conduct and the adverse employment action by proffering evidence of circumstances that justify an inference of retaliatory motive." *Unal v. Los Alamos Pub. Schs.*, 638 F. App'x 729, 741 (10th Cir. 2016) (internal quotation marks omitted). "Although evidence of 'very close' temporal proximity will provide compelling evidence of retaliation, and, in some cases, may be sufficient on its own, a plaintiff must also show that the person who engaged in the adverse employment action was aware of the protected activity." *Id.* at 741-42 (alteration and citations omitted) (quoting *Piercy v. Maketa*, 480 F.3d 1192, 1198 (10th Cir. 2007)). "An employer's action against an employee cannot be *because* of that employee's protected opposition unless the employer knows the employee has engaged in protected opposition." *Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002).

The Amended Complaint alleges that Defendant Hilley's involvement was limited to events preceding Plaintiff's filing of an EEOC complaint or meeting with Ms. Jackson and, thus, occurred before any alleged protected activity.  As to Defendants Lisenby and Huffman, Plaintiff has failed to allege facts from which to infer their personal knowledge of the EEOC filing or the meeting with Ms. Jackson.  Plaintiff states only that the City's Chief Inclusion and Diversity Officer Jackson and Human Resources officer Symington had knowledge of his alleged protected activity.  *See* Am. Compl. ¶¶ 24-25.

Plaintiff has not shown circumstances reasonably justifying an inference of a causal connection between the cited protected activity and either a decision not to promote him to

a FOS position or the decision to relocate his office.  *See id.*; *see also Davis v. Unified Sch. Dist. 500*, 750 F.3d 1168, 1172-73 (10th Cir. 2014) (declining to impute human resources' knowledge of protected activity to other employees).  Plaintiff's Amended Complaint therefore fails to allege a § 1981 retaliation claim upon which relief can be granted as to any individual Defendant.

### B.  Plaintiff's Assertion of Violation of the First Amendment

Plaintiff alleges he is entitled to relief because Defendants were acting under the color of their authority and in a manner that deprived Plaintiff of his First Amendment right to the freedom of speech.  *See* Am. Compl. ¶ 54.  Plaintiff asserts that his comments and filing at the EEOC constituted protected constitutional speech and should be categorized as comments on a matter of public concern.  *See id*. ¶ 55.

The First Amendment "forbids abridgment of the freedom of speech." *Janus v. Am. Fed'n of State, Cnty., & Mun. Emps.*, 585 U.S. 878, 891-92 (2018).  A government employee "does not relinquish First Amendment rights to comment on matters of public interest by virtue of government employment." *Connick v. Myers*, 461 U.S. 138, 140 (1983).  "Rather, the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006).  "However, the interests of public employees in commenting on matters of public concern must be balanced with the employer's interests in promoting the efficiency of the public services it performs through its employees." *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (internal quotation marks omitted).

Through two decisions—*Pickering v. Board of Education*, 391 U.S. 563, 568 (1968), and *Garcetti*, 547 U.S. at 417—the Supreme Court has articulated five factors to be considered in analyzing public-employee free-speech cases. *Leverington*, 643 F.3d at 724 (explaining that "after *Garcetti*, it is apparent that the *Pickering* analysis of freedom of speech retaliation claims is a five step inquiry" that will be referred to as "the *Garcetti/Pickering* analysis" (internal quotation marks omitted)). The Tenth Circuit has summarized these factors as follows:

> (1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct.

*Eisenhour v. Weber Cnty.*, 744 F.3d 1220, 1227-28 (10th Cir. 2014) (internal quotation marks omitted). "The first three elements are issues of law for the court to decide, while the last two are factual issues typically decided by the jury." *Knopf v. Williams*, 884 F.3d 939, 945 (10th Cir. 2018) (internal quotation marks omitted).

Defendants argue that Plaintiff's allegations fail to establish that his speech can be "fairly characterized as constituting speech on a matter of public concern." *Connick*, 461 U.S. at 146; *see* Defs.' Mot. to Dismiss at 12-13.[4] In determining whether speech addresses

---

[4] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendants here challenge whether Plaintiff can show that, in acting under color of law, Defendants "subject[ed]" Plaintiff, "or cause[d] [Plaintiff] to be subjected," "to a

a matter of public or private concern, courts must consider the "content, form, and context of a given statement, as revealed by the whole record." *Connick*, 461 U.S. at 147-48. "The court will also consider the motive of the speaker to learn if the speech was calculated to redress personal grievances [and therefore spoken as an employee] or to address a broader public purpose [and therefore spoken as a citizen]." *David v. City & Cnty. of Denv.*, 101 F.3d 1344, 1355 (10th Cir. 1996) (alterations in original) (internal quotation marks omitted). "[S]peech relating to internal personnel disputes and working conditions ordinarily will not be viewed as addressing matters of public concern." *Id.* "Courts in other jurisdictions have found that allegations of racial or national origin discrimination can be a matter of public concern, but not when the speech concerns only matters of personal interest." *Salemi v. Colo. Pub. Emps.' Ret. Ass'n*, 176 F. Supp. 3d 1132, 1151 (D. Colo. 2016).

Plaintiff alleges that he personally was subjected to age and racial discrimination, harassment, and retaliation. His work-related complaints to the EEOC and to City officials focused only on the conditions of his own employment. *See* Am. Compl. ¶¶ 5, 23, 55; Defs.' Ex. 1, Pl.'s First EEOC Compl. (Doc. No. 13-1) at 1-3; Defs.' Ex. 2, Pl.'s Second EEOC Compl. (Doc. No. 13-2) at 1-4.[5] Plaintiff did not allege that any cited discriminatory practice affected or would affect other employees or that any cited act of harassment or

---

deprivation of his lawful rights." *Porro v. Barnes*, 624 F.3d 1322, 1327 (10th Cir. 2010) (omission and internal quotation marks omitted).

[5] The Court may consider Plaintiff's EEOC filings, as they are "referred to in the complaint and . . . central to [Plaintiff's] claim." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

retaliation interfered with the City's performance of its governmental responsibilities. Therefore, Plaintiff's statements do not plausibly involve matters of public concern. *See David*, 101 F.3d at 1356; *Salemi*, 176 F. Supp. 3d at 1151. Because Plaintiff's comments and EEOC complaint did not involve matters of public concern, Plaintiff's pleading fails to state a claim for violation of the First Amendment upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 13) is GRANTED IN PART and DENIED IN PART. Plaintiff's 42 U.S.C. § 1981 race discrimination claim against Defendant Jesse Hilley may proceed. All remaining claims against Defendant Hilley and all claims against Defendants Michelle Lisenby, and Lynn Huffman are DISMISSED without prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 30th day of September, 2025.

CHARLES B. GOODWIN
United States District Judge